# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON JOVAN HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67980

FILED

MAY 25 2017

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with use of a deadly weapon, grand larceny auto, murder with use of a deadly weapon, and carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

On appeal, Hill raises the following issues: (1) whether the district court erred by denying Hill's motion for individual, sequestered voir dire; (2) whether the district court abused its discretion by denying Hill's motion in limine regarding latex gloves found by police when Hill was initially detained; and (3) whether the district court abused its discretion by admitting a police officer's testimony.

Regarding the motion for individual, sequestered voir dire, Hill's argument is as follows: (1) the Sixth and Fourteenth Amendments to the United States and Nevada Constitutions guarantee the right to an impartial jury; (2) "[t]he expressed attitudes of prospective jurors" are tainted by what other individuals of the venire say, (3) sequestered voir dire eliminates this possibility and leads to a fair and impartial jury, and (4) Hill was prejudiced here because a prospective juror made statements

17-17588

during voir dire that "muddied the understand[ing] of [the] fundamental presumption of innocence, thereby violating the Fifth Amendment Due Process Clause of the United States Constitution and denying Mr. Hill his constitutionally guaranteed right to a fair trial."

In support of these statements, Hill argues that voir dire plays a critical function in protecting his constitutional rights, and that the presumption of innocence is fundamental to criminal justice. However, beyond this general argument, Hill fails to demonstrate that the district court abused its discretion by denying his motion. *Haynes v. State*, 103 Nev. 309, 316, 739 P.2d 497, 501 (1987). Hill does not, for example, argue that the district court failed to "ensure[d] sufficient inquiry of the prospective jurors," *Leonard v. State*, 117 Nev. 53, 64, 17 P.3d 397, 404 (2001), or that the jury questionnaires were insufficient to preliminarily vet prospective jurors. Furthermore, Hill fails to demonstrate how the juror's statements actually "muddied" the issue of the presumption of innocence that applied to Hill, especially in light of the fact that the juror at issue ultimately did not serve on the jury panel, and Jury Instruction No. 24 specifically instructed the jury that Hill is "presumed innocent until the contrary is prove[n]," and that the burden of proof is on the State to prove that Hill committed "every material element of the crime charged."

With respect to his other assignments of error, other than citing generally to the Due Process Clause of the United States and Nevada constitutions, and "principles of fundamental fairness," Hill fails to cite to any legal authority to support his argument. Therefore, we decline to consider these claims. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (noting that "[i]t is appellant's responsibility to

present relevant authority and cogent argument; issues not so presented need not be addressed by this court"); *see also* NRAP 28(a)(10)(A) (requiring a party's argument to contain "citations to the authorities and parts of the record on which appellant relies").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Elissa F. Cadish, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk